UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

In re: Petura Billie

| | |
|---|---|
| PETURA BILLIE,<br>    Appellant, | CIVIL ACTION NO.<br>3:11cv1680 (SRU) |
| v. | Bankruptcy No. 11-21411 (ASD) |
| MICHAEL DARCY et al.,<br>    Appellees. | |

## ORDER DISMISSING BANKRUPTCY APPEAL

On October 13, 2011, Petura Billie filed a Notice of Appeal from the entry of an order of dismissal with prejudice issued by the United States Bankruptcy Court.  On October 28, 2011 the appeal was entered on this court's docket and three days later the Clerk of the United States District Court for the District of Connecticut gave notice to counsel directing the appellants and appellees to file their briefs pursuant to Bankruptcy Rule 8009.  Pursuant to Bankruptcy Rule 8009, unless excused by the district court, appellants must serve and file their appellate briefs within 15 days after entry of the appeal on the docket.

Bankruptcy Rule 8009's time limit is not jurisdictional, so a district court need not automatically dismiss an appeal when a party has failed to comply with its time limits for filing briefs.  *In re Tampa Chain Co.*, 835 F.2d 54, 55 (2d Cir. 1987).  A district court, however, has the discretion to dismiss an appeal when the appellant has failed to comply with the time limits of Bankruptcy Rule 8009 in "appropriate" circumstances.  *Id.*  Appropriate circumstances warranting dismissal "include where the appellant has acted in bad faith, negligently, indifferently, or with dilatoriness."  *In re Godt*, 282 B.R. 577, 583 (E.D.N.Y. 2002).  In *In re Godt*, the district court dismissed the bankruptcy appeal when the appellant had failed to either file his brief within

the 15-day time limit or request an extension of time from the Court.  *Id.*

The appellant's November 15, 2011 deadline for filing her appellate brief with the court passed over 60 days ago.  Not only have she not filed her brief, but she has not sought an extension of time as she is permitted to do under the rule.  Therefore, because I conclude that the appellant has acted indifferently towards the prosecution of her bankruptcy appeal, it should be dismissed for failure to comply with the requirements of Bankruptcy Rule 8009.

The clerk is directed to dismiss the appeal and close the file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 2nd day of February 2012.

>/s/ Stefan Underhill
Stefan R. Underhill
United States District Judge